UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHARLES LEWIS                                                                    PLAINTIFF

VS.                                             CIVIL ACTION NO. 1:24-cv-00188-GHD-DAS

MMC MATERIALS, INC. AND
JOHN DOES 1-10                                                                 DEFENDANTS

---

OPINION

---

Presently before the Court is the Defendant MMC Materials' motion for summary

judgment [27] in this employment discrimination matter. Upon due consideration and for

the reasons set forth below, the Court finds the motion should be granted and the Plaintiff's

remaining claim dismissed.

**I.      Background**

The Plaintiff, an African-American male, was employed by the Defendant MMC

Materials, Inc. ("MMC") as a truck driver in Starkville, Mississippi, beginning in August

2015. [Compl., Doc. 1, at 2]. In January of 2021, the Plaintiff, along with two white male

truck drivers (Matthew Jordan and Dillon Reed), were selected to be dispatchers on a trial

basis, with the option to return to their truck driver positions if the dispatcher position did

not work out. [Plaintiff's depo., Doc. 27-2, at pp. 160-61]. None of the three were able to

satisfactorily work as dispatchers, and all three were removed from their dispatcher

positions and offered the opportunity to return to their truck driver positions, which paid

the same hourly rate as the dispatcher position and allowed more work hours per week [27-

2, at pp. 164-67]. Mr. Jordan and Mr. Reed, the white employees, both returned to truck

driving duties [27-2, at pp. 166-67, 177-78]. The Plaintiff, however, chose to resign from MMC [27-2, at p. 166].

This litigation followed. The Plaintiff's sole remaining claim is for racial discrimination under 42 U.S.C. § 1981, in which he claims MMC wrongfully demoted him. MMC now moves for summary judgment.

## II.  Standard of Review

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(a)). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action.'" *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)). The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *Littlefield v. Forney Indep. Sch Dist.*,

268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

### III.    Analysis

The Plaintiff asserts the Defendant MMC violated Section 1981 by demoting him and discriminating against him because of his race.

To state a section 1981 discrimination claim, a plaintiff must allege: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute." *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994). Crucially, in Section 1981 actions, the Supreme Court has held that "[t]o prevail [in a §1981 action], a plaintiff must initially plead and ultimately prove that, **but for race**, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. National Ass'n of African Am.-Owned Media*, 589 U.S. 327, 341 (2020) (emph. added); *Randle v. PNC Fin. Servs. Grp.*, No. 24-11048, 2025 WL 3012286, at *2 (5th Cir. Oct. 28, 2025).

In this regard, the Supreme Court in *Comcast* explained:

> If the defendant would have responded the same way to the plaintiff even if he had been white, an ordinary speaker of English would say that the plaintiff received the "same" legally protected right as a white person. Conversely, if the defendant would have responded differently but for the plaintiff's race, it follows that the plaintiff has not received the same right as a white person.

*Comcast*, 589 U.S. at 333.

The Plaintiff alleges MMC racially discriminated against him because it demoted him and separated him from employment. To move past summary judgment, in connection with the second of the above-denoted elements, the Plaintiff must establish a *prima facie* case of discrimination by showing (1) he is a member of a protected class; (2) he was qualified for his position; (3) he was subjected to an adverse employment action; and (4) he was replaced by someone outside the protected class or was treated less favorably than employees outside the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993); *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002).

In the case *sub judice*, the Plaintiff cannot establish a *prima facie* case of discrimination. While the Plaintiff is a black male, was qualified for the position he held, and arguably was subjected to an adverse employment action,[1] he cannot show that he was treated less favorably than employees outside the protected class. Indeed, the record evidence demonstrates the Plaintiff was treated identically to similarly-situated employees outside the protected class. The two white truck drivers who were also transferred into

---

[1] The Supreme Court has eased, but not eliminated, the requirement for plaintiffs to demonstrate the occurrence of an adverse employment action. *Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 359 (2024). A plaintiff must now show "some injury respecting [his] employment terms or conditions," and the defendant's actions "must have left [the plaintiff] worse off." *Muldrow*, 601 U.S. at 354.

4

dispatcher positions, Dillon Reed and Matthew Jordan, were likewise offered the opportunity to return to driving a truck, as was the Plaintiff, when it was determined that none of the three were performing suitably as dispatchers [27-2, at pp. 160-62, 165-66]. This was both consistent with the initial communications to the three employees and was identical treatment for all three from an employment standpoint. While the two white employees chose to return to truck driving duties, the Plaintiff chose instead to resign his employment [27-2, at p. 166]. Given these facts, it is clear the Plaintiff cannot establish a *prima facie* case of discrimination, no genuine issue of material fact remains, and the Defendant is entitled to judgment as a matter of law on this claim.

For these reasons, the Court shall grant the Defendant's motion for summary judgment and dismiss the Plaintiff's remaining claim.

## IV.    Conclusion

For all of the foregoing reasons, the Court finds the Defendant MMC's motion for summary judgment should be granted and the Plaintiff's remaining claim dismissed. The Court finds there is no genuine issue of material fact with respect to the Plaintiff's claim for racial discrimination under Section 1981, and the Defendant MMC is entitled to judgment as a matter of law on that claim.

An order in accordance with this opinion shall issue this day.

This, the 20th day of April, 2026.

_____
SENIOR U.S. DISTRICT JUDGE

5